IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MIKE ANDRUS,**<br><br>    Plaintiff,<br><br>v.<br><br>**HURRICANE CITY, et al.,**<br><br>    Defendants. | **ORDER**<br><br>Case No. 2:04CV1001DAK |

On February 29, 2008, Plaintiff filed a "Notice of Motion and Motion for Reconsideration" of this court's order dismissing the case. A motion for reconsideration is not specifically provided for in the rules of civil procedure. However, they are commonly considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes a motion to alter or amend a judgment. Plaintiff's Motion to Reconsider does not meet the standard set forth in Rule 59. "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). Thus, the scope of Rule 59(e) is quite limited:

> A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under"

[Rule 59(e)].

*NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D.N.J. 1996) (internal quotes omitted); *Resolution Trust Corp. v. Greif,* 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

Plaintiff's motion does not present new evidence or demonstrate a manifest error of law, it merely reargues his case. Plaintiff asserts that there are material facts in dispute that precluded summary judgment. Plaintiff, however, does not present facts that would require the court to alter its previous ruling. A disagreement with the court's decision is not enough. Because Plaintiff has not met the standards required under Rule 59(e), Plaintiff's Motion to Reconsider is DENIED.

DATED this 29th day of April, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge